IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 08-CR-197-JHP |
| CALVIN D. PATILLAR, | ) | |
| Defendant. | ) | |

# OPINION AND ORDER

Before the Court are (1) Defendant Calvin D. Patillar's ("Defendant") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. 235); (2) the Government's motion to dismiss Defendant's § 2255 motion (Dkt. 237); and (3) two motions filed by Defendant for the Court to take notice of several Circuit Court opinions (Dkt. 238; Dkt. 239). Defendant seeks relief pursuant to the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Government opposes Defendant's motion and urges the Court to dismiss the motion as an unauthorized second § 2255 motion and as untimely. For the reasons cited herein, Defendant's motion pursuant to § 2255 is **DISMISSED** and the Government's motion to dismiss is **GRANTED**.

## BACKGROUND

In 2009, Defendant pleaded guilty to interference with commerce and aiding and abetting (robbery), in violation of 18 U.S.C. §§ 1951 and 2, and possessing a firearm in furtherance of the robbery, in violation of 18 U.S.C. § 924(c) (Counts One and Two). (*See* Dkt. 2 (Indictment); Dkt. 71 (Judgment & Commitment)). In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Defendant, in which it was recommended he be classified as a career offender under the United States Sentencing Guidelines ("Guidelines"). (PSR ¶ 20). Defendant was classified as a career offender because (1) the offense of conviction in Count One was a felony crime of violence committed when he was at least eighteen years old and (2) he had at least two prior felony convictions for crimes of violence. (PSR ¶ 20). Defendant's predicate career offender convictions were (1) two convictions for Robbery with Firearms (Oklahoma County Case Nos. CRF-84-5667 and CRF-84-5543); and (2) Larceny from the Person (Tulsa County Case No. CF-97-3952). (PSR ¶¶ 20, 24, 25, 29). Defendant's two robbery convictions were treated as one prior sentence for purposes of the career offender enhancement.

Defendant was sentenced on April 29, 2009. At sentencing, the Court overruled Defendant's objections and adopted the PSR without change. (Dkt. 69 (Minute Sheet – Sentencing)). The Court sentenced Defendant to imprisonment

for 180 months on Count One and 120 months on Count Two, with the terms running consecutive to each other—a total sentence of 300 months. (Dkt. 71 (Judgment & Commitment)). Defendant appealed his career offender sentence, arguing his prior conviction for larceny from a person was not a crime of violence and his prior robbery offense was too stale to be a crime of violence. The Tenth Circuit affirmed Defendant's sentence. *See United States v. Patillar*, 595 F.3d 1138 (10th Cir. 2010). Defendant sought a writ of certiorari, and on June 21, 2010, the Supreme Court denied his petition for a writ of certiorari. *Patillar v. United States*, 130 S. Ct. 3464 (June 21, 2010).

On August 5, 2015, Defendant filed a § 2255 motion, arguing his sentence should be vacated in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015).[1] (Dkt. 198). On August 10, 2015, Defendant filed a supplement to his motion, pointing to additional authority in support of his argument for resentencing. (Dkt. 200). On the same day, Defendant filed a "Judicial Notice," in which he further argued in support of his § 2255 motion. (Dkt. 201). The Government opposed Defendant's § 2255 motion. (Dkt. 208). On March 6, 2017, the Supreme Court

---

[1] In *Johnson*, the United States Supreme Court established that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557. The ACCA provides a fifteen-year mandatory minimum sentence for a person who is convicted as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The now-defunct "residual clause" of the ACCA defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

held the Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886 (2017). Defendant then moved to withdraw his § 2255 motion in light of *Beckles*, agreeing with the Government that *Johnson*'s holding did not apply to Defendant's case. (Dkt. 227, Dkt. 230). On April 25, 2017, the Court granted Defendant's request to withdraw his § 2255 motion. (Dkt. 231).

On June 21, 2017, Defendant filed another motion pursuant to 28 U.S.C. § 2255, which is now pending. (Dkt. 235). Defendant raises one ground in this motion—that his Oklahoma larceny conviction is not a valid career offender predicate in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Dkt. 235, at 4, 13). Defendant asserts his motion is timely, because application of *Mathis* is permitted in considering a first § 2255 motion. (Dkt. 235, at 10). The Government filed a motion to dismiss Defendant's § 2255 motion, arguing it was an unauthorized second § 2255 motion, and it was untimely filed. (Dkt. 237). Defendant thereafter filed two motions, asking the Court to take judicial notice of several Circuit Court decisions. (Dkt. 238; Dkt. 239). Defendant did not otherwise respond to the Government's motion to dismiss. The pending motions are fully briefed and ripe for this Court's review.

## DISCUSSION

In *Mathis*, the United States Supreme Court held that a prior conviction for a state crime does not qualify as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") if the elements of the statute of conviction are broader than those of a listed generic form of the offense. 136 S. Ct. at 2251. In such a circumstance, the Court explained, "[h]ow a given defendant actually perpetrated the crime—what we have referred to as the 'underlying brute facts or means' of commission—makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence." *Id.* (internal quotation omitted). The Tenth Circuit has since stated in an unpublished opinion that *Mathis* did not announce a new rule under § 2255(f)(3), and it does not have retroactive application to cases on collateral review. *See United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016).

**I.      Second or Successive § 2255**

As a threshold matter, the Court must address whether Defendant's pending § 2255 should be treated an unauthorized second or successive § 2255. Defendant previously litigated a § 2255 motion pertaining to this case. However, he voluntarily withdrew the motion, before the Court issued a decision on the merits. In his Motion to Withdraw, Defendant stated, "After extensive research efforts, Defendant has come to the conclusion and agrees with the government's foregone

conclusion in their response (Dkt. 208) that Defendant does not have a 'Johnson' claim, nor does the 'Johnson' holding apply to Career Criminal Offenders." (Dkt. 230, at 1).

The government contends that Defendant's previous § 2255 motion should count as a prior motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and therefore Defendant must meet AEDPA's requirements for filing a successive motion. The Court agrees. Defendant plainly conceded his previous § 2255 motion was meritless and the Government's position was correct, because *Johnson* does not apply to a career offender sentence. *See Beckles v. United States*, 137 S. Ct. 886 (2017). Therefore Defendant's voluntary withdrawal, though not dismissed by court action on the merits, operates as a decision on the merits for purposes of AEDPA. *See Haro-Arteaga v. United States*, 199 F.3d 1195 (10th Cir. 1999); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir.1997) ("a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits.").

The Court finds Defendant's pending § 2255 motion is a second or successive motion. Defendant did not receive authorization from the Tenth Circuit

to proceed with a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). As a result, this Court is unable to reach the merits of Defendant's *Mathis* claim.

Although the Court is empowered to transfer an unauthorized second or successive § 2255 motion to the Tenth Circuit, the Court instead will dismiss Defendant's motion, because his *Mathis* claim is not retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 1631; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or, if on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.").

Here, it is highly unlikely that the Tenth Circuit would grant Defendant authorization to proceed with a second or successive § 2255 motion seeking relief under *Mathis*. Under § 2255(h), a defendant may file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

7

28 U.S.C. § 2255(h). Defendant claims he is entitled to relief under *Mathis*. However, *Mathis* has not been made retroactively applicable to cases on collateral review. *Taylor*, 672 F. App'x at 864. Accordingly, the Tenth Circuit would have no basis on which to grant Defendant authorization to proceed with a second or successive § 2255 motion seeking relief under *Mathis*. The Court concludes the Government's motion to dismiss should be granted on this basis.[2]

## II.   Timeliness of Defendant's § 2255 Motion

Even if the Court were to conclude that Defendant's withdrawn § 2255 motion did not render his pending motion a second or successive motion, Defendant's motion still would be subject to dismissal as time-barred. Under § 2255(f), Defendant is required to file his first § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] In his first motion for judicial notice (Dkt. 238), Defendant points to two Circuit Court decisions in which the courts concluded that individuals sentenced under the career offender enhancement prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), may be eligible for relief on a second or successive § 2255 motion. *See In re Hoffner*, 870 F.3d 301 (3d Cir. 2017); *Moore v. United States*, 871 F.3d 72 (1st Cir. 2017). However, these decisions do not apply to Defendant's situation, because he was sentenced in 2010, long after *Booker* made the Guidelines advisory. Accordingly, these decisions do not affect the Court's conclusion that the Tenth Circuit would not authorize Defendant's second or successive § 2255 motion here.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant's motion is untimely pursuant to § 2255(f)(1), which requires the motion to be filed within one year from the date on which the judgment of conviction becomes final. Defendant's conviction became final on June 21, 2010, when the Supreme Court denied certiorari. *See United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008). Defendant had until June 21, 2011, to file a timely motion under § 2255(f)(1). However, Defendant filed this § 2255 motion on June 21, 2017, six years past that deadline. Therefore, Defendant's motion is untimely under § 2255(f)(1). Nor does § 2255(f)(3) render Defendant's motion timely. As explained above, *Mathis* did not announce a new rule under § 2255(f)(3), and it does not have retroactive application to cases on collateral review. *Taylor*, 672 F. App'x at 864.[3] Defendant's *Mathis* claim is untimely unless filed within one year of the date his conviction became final. Defendant's

---

[3] Defendant does not argue for timeliness under §§ 2255(f)(2) or (f)(4), and the Court identifies no possible relevance of these limitations periods to Defendant's motion.

motion was filed well past that date. Therefore, this Court lacks authority to consider the merits of Defendant's claim.

If the Court treats Defendant's motion as a first § 2255 motion, it is untimely and the Court lacks jurisdiction to reach the merits of his *Mathis* claim. Accordingly, the Government's motion to dismiss should alternatively be granted on this basis.[4]

## EVIDENTIARY HEARING

This Court is required by § 2255 to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). *See also United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). With this standard as a guide, the Court has thoroughly reviewed the pleadings, files, and record in this case, and from that review, the Court finds the record conclusively shows that Defendant is entitled to no relief on his claims and an evidentiary hearing is unnecessary.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may

---

[4] Because the Court lacks jurisdiction to consider the merits of Defendant's *Mathis* claim, the Court will not address the case law Defendant cites in his second motion for judicial notice—*United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017) (Dkt. 239), except to note that the cited case does not affect this Court's conclusion it lacks jurisdiction over Defendant's claim.

issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). After considering the record in this case, the Court concludes a certificate of appealability should not issue, as Defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

## CONCLUSION

For the foregoing reasons, Defendant Calvin D. Patillar's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. 235) is **DISMISSED FOR LACK OF JURISDICTION**. The Government's motion to dismiss (Dkt. 237) is **GRANTED.** Defendant's "Motion to Move this Honorable Court to Take Judicial Notice" (Dkt. 238) and Motion to "Request Court to Take Judicial Notice" (Dkt. 239) are **GRANTED**.

James H. Payne
United States District Judge
Northern District of Oklahoma